Hovanes Margarian, Esq,
Armen Margarian, Esq.
Shushanik Margarian, Esq.
Neil C. Evans, Esq
**THE MARGARIAN LAW FIRM**
801 North Brand Boulevard, Suite 210
Glendale, California 91203
Telephone: (818) 553-1000
Facsimile: (818) 553-1005
hovanes@margarianlaw.com
armen@margarianlaw.com
shushanik@margarianlaw.com
neil@margarianlaw.com

Attorney for Plaintiff, EDUARD KHACHATRYAN

Erin E. Hanson, Esq.
**CLARK HILL LLP**
600 W. Broadway, Suite 500,
San Diego, CA 92101
Telephone: (619) 557-0404
Facsimile: (619) 557-0460
ehanson@clarkhill.com

Attorney for Defendant, FCA US LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARD KHACHATRYAN, an individual,<br><br>　　　　　　　Plaintiff,<br>　　vs.<br><br>FCA US LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:21-cv-04035-MWF-MRW<br><br>**JOINT RULE 26(f) REPORT**<br><br>District Judge:　Hon. Michael W. Fitzgerald<br><br>Complaint Filed: September 3, 2020 |

Pursuant to the Federal Rules of Civil Procedure Rule 26(f) and this Court's May 20, 2021 Order, Plaintiff EDUARD KHACHATRYAN ("Plaintiff") and Defendant FCA US LLC ("FCA" or "Defendant"), jointly submit this report of counsels' conference discussing the items enumerated below. This Joint Report, including all deadlines, has been

established after consultation of all parties and, despite efforts to compromise, reflects the parties' various positions on the issues addressed herein.

### A.   Statement of the Case

Plaintiff filed this action on April 7, 2021, in the Superior Court of California, County of Los Angeles.  The Complaint states one claim for violation of written warranty under the Magnuson-Moss Warranty Act, one claim for violation of implied warranty under the Magnuson-Moss Warranty Act, one claim for violation of written warranty under the Song-Beverly Act, and one claim for implied warranty under the Song-Beverly Act. The case was removed to the United States District Court of the Central District of California on May 14, 2021, by Defendant.

This case involves a 2020 Jeep Wrangler bearing VIN 1C4HJXEG5LW261186 ("Subject Vehicle") leased on May 9, 2020, by Plaintiff and manufactured and warranted by FCA US LLC ("Defendant").

*Plaintiff's Statement*:

This motor vehicle lemon law action was removed from state court.  Plaintiff's Complaint alleges causes of action against Defendant related to Plaintiff's lease of 2020 Jeep Wrangler bearing VIN 1C4HJXEG5LW261186 ("Subject Vehicle") on May 9, 2020. Plaintiff alleges Defendant is liable for four causes of action: (1) Breach of Written Warranty pursuant to the Magnuson-Moss Warranty Act, (2) Breach of Implied Warranty pursuant to the Magnuson-Moss Warranty Act, (3) Breach of Written Warranty pursuant to the Song-Beverly Consumer Warranty Act, (4) Breach of Implied Warranty pursuant to the Song-Beverly Consumer Warranty Act, *See generally,* Complaint.)

With respect to the alleged damages, Plaintiff seeks a wide variety of remedies, including: "actual damages," "incidental damages," "consequential damages," "restitution," "injunctive relief," "attorney's fees," "refund of all monies paid for the Subject Vehicle including all collateral charges and incidental damages," and a "civil penalty not to exceed two times the amount of actual damages."

*Defendant's Statement*:

The issues in this case include: (a) whether Plaintiffs will be able to establish that the Subject Vehicle has or had a defect that substantially impaired its use, value, or safety; (b) whether the alleged defects were fixed after a reasonable number of repair attempts; (c) whether Defendant breached the applicable implied warranties; and (d) whether Defendant's denial of Plaintiffs' repurchase request was willful.

FCA denies the allegations in the Complaint, and denies Plaintiff has been damaged. FCA denies that the vehicle was defective or contained any nonconformities. FCA denies that it violated Song-Beverly.

**B.    Subject Matter Jurisdiction**

*Plaintiff's View:*

Plaintiff, Eduard Khachatryan at the time this action was commenced was and still is an individual residing in Los Angeles County, State of California. FCA US LLC at the time this action was commenced, was and still is a single-member limited liability company, formed under the laws of Delaware with its principal place of business in Michigan. According to the lease agreement, Plaintiff leased the Subject Vehicle for a total consideration of $29,890.55. Plaintiff's prayer for relief also requests a double civil penalty. Accordingly, the total amount of civil penalty at issue is $59,781.10 not considering incidental and consequential damages, prejudgment interest at the legal rate, plus attorney's fees, expenses and costs.

*Defendant's View:*

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1441.  FCA US LLC removed this action from state court pursuant to 28 U.S.C. § 1332, because it involves citizens of two different states.  Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California, as established by Plaintiff's Complaint.

FCA US LLC, at the time this action was commenced, was and still is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in the State of Michigan and was not and is not organized under the laws of the State of California, wherein this action was brought.

The Court also has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, because the first and second cause of action arise under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and satisfy the necessary amount in controversy under that statute.

Plaintiff seeks full restitution of the price paid or payable associated with the vehicle - $29,890.55. Plaintiff also prays for a civil penalty damages as well as consequential and incidental damages. While the consequential and incidental damages claimed are not identified, using the total amount payable under the lease as described in the lease agreement attached to plaintiff's complaint is $29,890.55. Plaintiff is seeking a civil penalty of $59,781.10 ($29,890.55 x 2). As such, plaintiff is seeking damages of at least of $90,200.90 ($29,890.55 + $59,781.10). As such, the amount of controversy requirement is met.

Venue is appropriate based on the fact that this action was filed in Los Angeles County and based on the allegations in the Complaint in the State Court Case..

### C. Legal Issues

The parties agree that this breach of warranty case is governed by California state law pursuant to the Song Beverly Consumer Warranty Act, California Civil Code sections 1790 et seq. The key legal issues present in this matter revolve around a breach of both the express and implied warranties under the Song-Beverly Consumer Warranty Act and the Federal Magnuson-Moss Warranty Act.

///
///
///

**D.     Parties, and Non-Party Witnesses**

*Plaintiff*

1. Parties
   a. Plaintiff Eduard Khachatryan
   b. Defendant FCA US LLC
2. Non-Party Witnesses
   a. Cerritos Dodge Chrysler Jeep RAM's ("Seller") dealership personnel.
   b. Personnel of any other dealership to which Plaintiff may have presented the Subject Vehicle for services and/or repair attempts.
   c. Family members and friends of Plaintiff who witnessed any nonconformities about which Plaintiff has complained, if any, or who operated, repaired, or modified the Subject Vehicle in any way.
   d. FCA US LLC's Person Most Knowledgeable (PMK) regarding Plaintiff's repurchase claim and evaluation.
   e. FCA US LLC's Expert Witness
   f. Plaintiff's Expert Witness

*Defendant*

FCA lists parties and potential percipient witnesses on the main issues in the case:

1. Plaintiff, Eduard Khachatryan.
2. The technicians and service advisors who worked on the Subject Vehicle at the independently owned and operated authorized repair facilities, including: Glendale Dodge Chrysler Jeep located at 900 S. Brand Blvd, Glendale, CA.
3. Representatives of FCA US LLC, 1000 Chrysler Drive, Auburn Hills, Michigan 48326.
4. FCA US employee(s) capable of providing testimony to rebut testimony used to support a claim for damages.
5. At this time, FCA US has not determined if other engineers or employees may

be required to rebut issues raised by Plaintiffs' experts, or to discuss the context or contents of relevant documents.

    6.    Any witnesses necessary to authenticate documents.

    7.    Any witness identified or disclosed by Plaintiffs

    8.    Any necessary rebuttal witnesses.

    9.    Any necessary impeachment witnesses.

FCA filed a certificate as to interested parties on May 13, 2021. FCA US, LLC identifies the following parties may have a pecuniary interest in the outcome of this case.

    1. Eduard Khachatryan: Plaintiff

    2. FCA US LLC

    3. FCA North America Holdings LLC

    4. FCA Holdco B.V.

    5. Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.

**E.  Damages**

*Plaintiff*

$91,000.00.

*Defendant*

FCA does not contend that Plaintiff is entitled to any damages. However, FCA's basis on which it contends damages should be calculated if liability is established is as follows: Calculate the total payments made under the lease (reduced by any optional system(s) or contracts, and any additional offsets/credits pursuant to the statute), the residual payoff amount is not included as an "amount payable" and is not included in civil penalty calculations.

**F.  Insurance**

There is no issue of insurance in dispute. The Parties do not have insurance for these claims.

///

**G.     Motions**

The parties do not anticipate filing any motions at this time but reserve the right to do so.

**H.     Manual for Complex Litigation**

The Parties agree that this case is not complex and no part of the Manual for Complex Litigation should be utilized.

**I.     Status of Discovery**

To date, no discovery has been conducted, and the Parties have not identified any anticipated discovery disputes. The Parties will exchange initial disclosures on or before June 30, 2021.

**J.     Discovery Plan**

Discovery dates are provided in "EXHIBIT A." The parties do not believe discovery should be conducted in phases. No changes to applicable limitations on discovery are proposed by the parties. No other discovery orders are proposed by the parties.

**1.     Subjects of Discovery**

*Plaintiff's Statement*

The parties will conduct discovery on the transaction underlying Plaintiff's acquisition of the Subject Vehicle, the amount paid by Plaintiff for the Subject Vehicle, the condition of the Subject Vehicle, and Plaintiff's experiences with the Subject Vehicle and the efforts to repair it. Parties' discovery will include the depositions of the parties and any of the parties' witnesses, a vehicle inspection of the Subject Vehicle, and deposition of the parties' experts. The parties will also propound requests for admissions, written interrogatories and document demands.

*Defendant's Statement*

Defendant will seek discovery on the following subjects:

Documents received when Plaintiff acquired the subject vehicle; information regarding the location of the selling dealership; Plaintiff's military status, if any; current

information regarding the subject vehicle (including location, mileage, identification of drivers, insurance company); accidents, maintenance, modifications, service, any alleged nonconformities/defects for the subject vehicle, documents supporting damages (including attorneys' fees), information and documents to support Plaintiff's damages including attorney's fees; and Plaintiff's communications with FCA, dealerships, and any third party regarding the subject vehicle.

Defendant anticipates taking Plaintiff's deposition, taking Plaintiff's expert(s) depositions, and conducting a vehicle inspection. Defendant anticipates taking 2-4 depositions.

The subjects of discovery may change as discovery takes place and information is exchanged. Defendant reserves the right to seek discovery regarding additional matters not listed herein.

**2.    Discovery of Electronically Stored Information**

*Plaintiff's Statement:*

The Parties will discuss issues related to the preservation of discoverable information and will determine whether additional, affirmative preservation efforts are warranted in this case.

*Defendant's Statement:*

Defendant expects that some of the documents produced in discovery may be provided electronically, but does not anticipate any issues related to the same. The parties will meet and confer should any issues arise.

**3.    Claims of Privilege or of Protection as Trial-Preparation Materials**

Defendant anticipates that there may be privilege objections that arise during discovery. The parties have not reached an agreement for asserting claims of privilege or of protection as trial-preparation material. The parties will comply with FRCP 26(b)(5).

Should the need for a protective order arise, Defendant proposes that the Parties use the Court's template stipulated protective order as set forth in Honorable Michael R.

Wilner's Procedures.

### K. Discovery Cut-off

The parties agree that non-expert discovery should be completed by the date provided in "EXHIBIT A."

### L. Expert Discovery

The Parties will comply with the Federal Rules of Civil Procedures for the Completion of expert discovery. Initial expert disclosures and rebuttal expert disclosures shall be provided by the date provided in "EXHIBIT A." The Parties agree to the Proposed Schedule of Pretrial and Trial Dates attached hereto as "EXHIBIT A."

### M. Dispositive Motions

*Plaintiff's Statement*:

At this time, the parties are uncertain whether it will ask the Court to resolve any claims through any dispositive motions.

*Defendant's Statement:*

Defendant FCA US reserves the right to file a motion for summary judgment, or a motion to dismiss one or all of Plaintiff's claims. It is premature for the parties to identify issues or claims for motions in limine.

### N. Settlement/ Alternative Dispute Resolution (ADR)

*Plaintiff's View:*

Pursuant to L.R. 16-15.4, the parties select ADR Procedure No. 3 to be conducted by private mediation or to have the case referred to the Court Mediation Panel.

*Defendant's View:*

Defendant sent Plaintiff a repurchase offer on April 21, 2021, and have not received any response.

Defendant also consents to ADR Procedure No. 2, and will appear before a neutral selected from the Court's mediation panel.

///

**O.     Trial Estimate**

The Parties estimate that a jury trial and will require five to seven (5-7) court days. The Parties reserve the right to amend the list of witnesses they expect to call as discovery progresses.

**P.     Trial Counsel**

Neil Evans will try the case for Plaintiff.

Erin Hanson will try the case for Defendant.

**Q.     Independent Expert or Master**

This is not a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed.

**R.     Timetable**

Please see Exhibit A attached.

**S.     Other Issues.**

None at this time.

Dated: June 14, 2021                           **THE MARGARIAN LAW FIRM**

                                               By:     /s/ Neil. C. Evans
                                                       NEIL C. EVANS
                                                       Attorney for Plaintiff,
                                                       EDUARD KHACHATRYAN

Dated: June 14, 2021                           **CLARK HILL LLP**

                                               By:     /s/ Neil. C. Evans
                                                       Erin E. Hanson
                                                       Attorney for Defendant,
                                                       FCA US LLC

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to Neil Evans, counsel for Plaintiff, and that I have obtained his authorization to affix his electronic signature to this document.

Respectfully submitted,

/s/Erin E. Hanson

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: June 14, 2021                          /s/ Erin E. Hanson
                                              Erin E. Hanson

| | |
|---|---|
| Hovanes Margarian, Esq.<br>Armen Margarian, Esq.<br>Shushanik Margarian, Esq.<br>**THE MARGARIAN LAW FIRM**<br>801 North Brand Boulevard, Suite 210<br>Glendale, California 91203<br>T: 818-553-1000<br>F: 818-553-1005<br>hovanes@margarianlaw.com<br>armen@margarianlaw.com<br>shushanik@margarianlaw.com | *Attorneys for Plaintiff*<br>**EDUARD KHACHATRYAN** |